**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | NO. 3:15-cv-01499 |
| ) | JUDGE CRENSHAW |
| $57,980.00 UNITED STATES ) | |
| CURRENCY, ) | |
| 2012 MERCEDES BENZ C250 ) | |
| COUPE BEARING VIN ) | |
| #WDDGJ4HB9CF734958 ) | |
| ) | |
| DEFENDANTS. ) | |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Federal Rule of Civil Procedure 55(b)(2), has moved for a default judgment as to any and all persons and entities who may claim to have an interest in the $57,980.00 United States currency and the 2012 Mercedes Benz C250 Coupe bearing VIN #WDDGJ4HB9CF34958 (collectively, "Defendant Property"), in the above-styled case.

On December 17, 2015, the United States of America filed a Verified Complaint *In Rem* and supporting Affidavit against the Defendant Property alleging:

a. the Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21 of the United States Code, proceeds traceable to such an exchange and moneys used or intended to be used to facilitate any violation of the United States Code, Title 21, (drug trafficking and conspiracy to commit drug trafficking); and

b. the Defendant 2012 Mercedes, valued at over $10,000, is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), because it is property involved in money laundering or any property traceable to money laundering and as property

which constitutes or is derived from proceeds traceable to money laundering, in violation of 18 U.S.C. § 1957(a) (money laundering).

Based upon the facts contained in the Affidavit filed in support of the Verified Complaint *In Rem*, the government has established, by a preponderance of the evidence, the requisite nexus between the Defendant Property and the offenses alleged in the Verified Complaint *In rem*.

Pursuant to the Process Receipt and Return, the verified Complaint and Summons and Warrant for Arrest *In Rem* issued by the Clerk of this Court on December 18, 2015, was executed by the United States Marshal Service against Defendant $57,980 on February 1, 2016, and upon the Defendant 2012 Mercedes on February 4, 2016.

There are no persons who reasonably appear to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B); and therefore, no direct notice of this action was sent as required by the Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, Supplemental Rules G(5)(b)(i).

Public notice to all persons of said forfeiture action was also advertised online at www.forfeiture.gov, the official government forfeiture site, for thirty consecutive days beginning on December 22, 2015, and ending on January 20, 2016.

Pursuant to said notice, all persons claiming an interest in Defendant Property were required to file their verified claims with the Clerk of this Court within sixty days from the first date of publication of the Notice.

No person or entity has filed a Verified Claim within the time permitted by 18 U.S.C. § 983(a)(4)(A), and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

The time for filing a claim pursuant to Rule G95) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, has expired.

The Clerk of this Court has entered default as to all persons and entities claiming an interest in Defendant Property.

The Court finds by a preponderance of the evidence that the Verified Complaint for Forfeiture establishes that the Defendant currency constitutes moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21 of the United States Code, proceeds traceable to such an exchange and moneys used or intended to be used to facilitate any violation of United States Code, Title 21, (drug trafficking and conspiracy to commit drug trafficking).

The Court further finds that the Defendant 2012 Mercedes, valued at over $10,000, is property involved in money laundering or any property traceable to money laundering and as property which constitutes or is derived from proceeds traceable to money laundering in violation of 18 U.S.C. § 1957(a) (money laundering).

The Court further finds that the Defendant Property is therefore subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. §§ 981(a)(1)(A) and (C), and, therefore, a Final Order of Forfeiture should be entered.

It is therefore ordered:

1. The Motion of the United States for Default Judgment and Final Order of Forfeiture is **granted.**

2. A Judgment by Default is hereby entered as to all persons or entities with respect to any interest they may have in the Defendant Property.

3. The government has established, through the facts set forth in the Complaint and Affidavit, by a preponderance of the evidence that there is a nexus between the Defendant Property and the offenses alleged in the Verified Complaint *In Rem* such that Defendant Property is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and (C).

4. The Defendant Property are hereby forfeited to the United States of America, and all right, title, and interest in and to said property are hereby vested in the United States of America, pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and (C).

5. Any and all interest, right or title that any person or entity may have in the Defendant Property are hereby extinguished.

6. The United States Marshal Service, as custodian of said forfeited property, shall dispose of the same according to law.

7. The Clerk of this Court shall provide the United States Attorney's Office and the United States Marshals Service with a certified copy of this order.

So ordered this 22nd day of April, 2016.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE